IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSVYLANIA

---

ANGELO DiBARTOLO and
STEVEN CASTILLO

CIVIL ACTION

VS

LANCE BACHMAN, et. al.

No. 02-cv-3813

_____

ANSWER and AFFIRMATIVE DEFENSES

1. Admitted.

2. Admitted.

3. Denied.  Answering defendant, after reasonable investigation, is without information regarding the truth of the averments of paragraph 3, such averments are deemed denied and strict proof is demanded at the time of trial.

4. Denied.  Answering defendant, after reasonable investigation, is without information regarding the truth of the averments of paragraph 4, such averments are deemed denied and strict proof is demanded at the time of trial.

5. Denied.  Answering defendant, after reasonable investigation, is without information regarding the truth of the averments of paragraph 4, such averments are deemed denied and strict proof is demanded at the time of trial.

6. The averments of paragraph 6 are conclusions of law to which no responsive pleading is required.

7. The averments of paragraph 7 are conclusions of law to which no responsive pleading is required.

8.   Admitted.

9.   Denied.  Wade, Inc. is a separate corporation which is no longer in business and never did business at 2711 Comly Road.

10.  Denied.  Answering defendant after reasonable investigation is without information regarding the truth of the averments of paragraph 10.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

11.  The averments of paragraph 11 are conclusions of law to which no responsive pleading is required.

12.  The averments of paragraph 12 are conclusions of law to which no responsive pleading is required.

13.  Denied.  After reasonable investigation, answering defendant is without information regarding the truth of the averments of paragraph 13 of the complaint.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

14.  Denied.  After reasonable investigation, answering defendant is without information regarding the truth of the averments of paragraph 14 of the complaint.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

15.  Denied.  After reasonable investigation, answering defendant is without information regarding the averments of paragraph 15 of the complaint.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

16. Denied.  After reasonable investigation, answering defendant is without information regarding the averments of paragraph 16 of the complaint.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

17. Denied.  After reasonable investigation, answering defendant is without information regarding the averments of paragraph 17 of the complaint.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

18. Denied.  After reasonable investigation, answering defendant is without information regarding the averments of paragraph 18 of the complaint.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

19. Denied.  After reasonable investigation, answering defendant is without information regarding the averments of paragraph 19 of the complaint.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

20. Denied.  After reasonable investigation, answering defendant is without information regarding the averments of paragraph 20 of the complaint.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

21. Denied.  After reasonable investigation, answering defendant is without information regarding the averments of paragraph 20 of the complaint.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

22.  Denied.  After reasonable investigation, answering defendant is without information regarding the averments of paragraph 20 of the complaint.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

WHEREFORE, defendants request this Honorable Court to dismiss plaintiffs' complaint with prejudice.

<u>COUNT I</u>

23.  Defendants hereby incorporate the averments of paragraphs 1 through 22 of this answer as if fully set forth herein at length.

24.  The averments of paragraph 24 are conclusions of law to which no responsive pleading is required.

25 (a)- (f).  The averments of paragraph 25 (a) through 25 (f) are conclusions of law to which no responsive pleading is required.

26.  Denied.  After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 26.  Such averments are therefore deemed denied and strict proof is requested at the time of trial.  By way of further answer, defendant specifically denies any wrongdoing.

WHEREFORE, defendant requests this Court to enter a judgment in its favor and dismiss plaintiffs' complaint with prejudice, along with any other relief the Court deems just.

<u>COUNT II</u>

27.  Defendants incorporate their answers to paragraphs 1 through 26 as if fully set forth herein at length.

28.  Denied.  After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 28.  Such averments are therefore deemed denied and strict proof is requested at the time of trial.  By way of further answer, defendant specifically denies any wrongdoing.

29.  Denied. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 29.  Such averments are therefore deemed denied and strict proof is requested at the time of trial.  By way of further answer, defendant specifically denies any wrongdoing.

30.  The averments of paragraph 30 are conclusions of law to which no responsive pleading is required.

31. Denied. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 31. Such averments are therefore deemed denied and strict proof is requested at the time of trial. By way of further answer, defendant specifically denies any wrongdoing.

WHEREFORE, defendants request this Honorable Court to dismiss this case with prejudice

### THIRD COUNT

32. Defendant incorporates paragraphs 1 through 31 as if fully set forth at length.

33. The averments of paragraph 33 are conclusions of law to which no responsive pleading is required.

34. Denied. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 34. Such averments are therefore deemed denied and strict proof is requested at the time of trial. By way of further answer, defendant specifically denies any wrongdoing

WHEREFORE, defendants request this Honorable Court to dismiss this case with prejudice

### FOURTH COUNT

29. The averments of paragraph 1-34 are incorporated as if fully set forth at length.

35. Denied. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 35. Such averments are therefore deemed denied and strict proof is requested at the time of trial.

36. Denied. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 36. Such averments are therefore

deemed denied and strict proof is requested at the time of trial.

32. Denied. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 32. Such averments are therefore deemed denied and strict proof is requested at the time of trial.

33. Denied. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 33. Such averments are therefore deemed denied and strict proof is requested at the time of trial.

34. Denied. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 34. Such averments are therefore deemed denied and strict proof is requested at the time of trial.

35. Denied. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 35. Such averments are therefore deemed denied and strict proof is requested at the time of trial.

36. Denied. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 35. Such averments are therefore deemed denied and strict proof is requested at the time of trial.

WHEREFORE, defendant request this Honorable Court to dismiss the case with prejudice and for any other relief the Court deems just.

<u>FIFTH COUNT</u>

38. The defendant incorporates paragraphs 1 through 37 as if fully set forth at length.

39. Denied. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 39. Such averments are therefore deemed denied and strict proof is requested at the time of trial.

40. Denied.  After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 40.  Such averments are therefore deemed denied and strict proof is requested at the time of trial.

41. Denied.  After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 41.  Such averments are therefore deemed denied and strict proof is requested at the time of trial.

42. Denied.  After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 42.  Such averments are therefore deemed denied and strict proof is requested at the time of trial.

WHEREFORE, defendant request this Honorable Court to dismiss the case with prejudice and for any other relief the Court deems just.

<u>SIXTH COUNT</u>

43.  Defendant incorporates paragraphs 1 through 42 as if fully set forth at length.

44.   The averments of paragraph 44 are conclusions of law to which no responsive pleading is required.

45.  The averments of paragraph 45 are conclusions of law to which no responsive pleading is required.

46.  Denied.  After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 46.  Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

WHEREFORE, defendant request this Honorable Court to dismiss the case with prejudice and for any other relief the Court deems just.

<u>SEVENTH COUNT</u>

47. Answering, Defendant, 2711 D & P, Inc., incorporates paragraphs 1 through 46 as if fully set forth at length herein.

48. Denied. After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 48. Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

49. The averments of paragraph 49 are conclusions of law to which no responsive pleading is required.

50. The averments of paragraph 50 are conclusions of law to which no responsive pleading is required.

51. Denied. After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 51 Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

<u>EIGHTH COUNT</u>

52. Answering Defendant incorporates it answers contained in paragraphs 1 through 51.

53. Denied. After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 53. Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

54. Denied. After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 54. Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

55. Denied. After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 55. Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

56. Denied.  After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 56.   Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

57. Denied.  After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 57.   Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

58. Denied.  After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 58.   Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

59. Denied.  After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 59.   Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

60. Denied.  After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 60.   Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

WHEREFORE, Answering Defendant request that the complaint be dismissed with prejudice.

<u>NINTH COUNT</u>

61.  Answering Defendant, 2711 D & P, Inc. incorporates paragraphs 1 through 60 of the complaint as if fully set forth at length.

62. Denied.  After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 62.   Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

63.  The averments of paragraph 63 are conclusions of law to which no responsive pleading is required.

64.  The averments of paragraph 64 are conclusions of law to which no responsive pleading is required.

65.  The averments of paragraph 65 are conclusions of law to which no responsive pleading is required.

66.  The averments of paragraph 66 are conclusions of law to which no responsive pleading is required.

67. Denied.  After reasonable investigation answering defendant is without information regarding the truth of the averments of paragraph 67.   Such averments are therefore deemed denied and strict proof is demanded at the time of trial.

WHEREFORE, Answering Defendant demands judgment in his favor and request that the complaint be dismissed.

<u>TENTH COUNT</u>

68.  Answering Defendant incorporates paragraphs 1 through 67 as if fully set forth at length.

69.  The averments of paragraph 69 are conclusions of law to which no responsive pleading is required.

70.  The averments of paragraph 70 are conclusions of law to which no responsive pleading is required.

71.  The averments of paragraph 71 are conclusions of law to which no responsive pleading is required.

72. Denied.  After reasonable investigation answering defendant is without information

regarding the truth of the averments of paragraph 67.   Such averments are therefore deemed

denied and strict proof is demanded at the time of trial.

WHEREFORE, Answering Defendant, 2711 D & P, Inc. requests judgment in its favor

and that the complaint be dismissed with prejudice.

<u>CROSS CLAIM FOR CONTRIBUTION AND INDEMNITY AGAINST
CO-DEFENDANTS, LANCE BACHMAN, ADAM BACHMAN
JENNIFER GALLAGHER and THE CITY OF PHILADELPHIA</u>

73.  Answering Defendant incorporates paragraphs 1 through 72 of the answer and new

matte as if fully set forth herein.

74.  Answering Defendant, 2711 D & P, Inc., expressly denies that the damage alleged by

the plaintiff was caused by the negligence, carelessness and/or other liability producing conduct

of answering defendant.  However, in the event that it is judicially determined that plaintiff is

entitled to recover damages, answering defendant, believes and therefore avers that plaintiff's

alleged damage, if any, was caused by the negligence, carelessness, and/or other liability

producing conduct of co-defendants Lance Bachman, Adam Bachman, Jennifer Gallagher, the

City of Philadelphia, and/or the City of Philadelphia Police Department.  If and only if it is

judicially determined that answering defendant is liable to plaintiff, then answering defendant

incorporates by reference the allegation contained in this answer and new matter in support of

his cross claim for contribution and indemnity against co-defendants.

75.  In the event that it is judicially determined that the plaintiff is entitled to recover

damages from answering defendant, then answering defendant avers that co-defendants, Lance

Bachman, Adam Bach, Jennifer Gallagher, the City of Philadelphia, and/or the City of

Philadelphia Police Department are liable to plaintiff with answering defendant.

WHEREFORE, if plaintiff is entitled to recovery from answering defendant, 2711 D & P,

Inc., then 2711 D & P, Inc. demands judgment for contribution and/or indemnity from co-defendants.

<u>AFFIRMATIVE DEFENSES</u>

By way of further answer, Answering Defendant asserts the following Affirmative Defenses:

76.    Plaintiffs' Complaint fails to state in whole or in part a cause of action against Defendants upon which relief can be granted.

77.  Plaintiffs' alleged cause of action is barred by the applicable Statute of Limitations.

78.  No acts or omissions on the part of Defendant, his servants, agents, and/or employees was a substantial factor in causing the injuries described in Plaintiffs' Complaint.

79.  If Plaintiffs' were injured as alleged, Plaintiffs are barred from recovering against Defendant because of Plaintiffs' own negligence and because Plaintiffs assumed the risk of their injuries.

80.  Plaintiffs' alleged claims are barred, or subject to reduction pursuant to the provisions of 42 Pa. C.S.A. 7102 (a), the Pennsylvania Comparative Negligence Act.

81.  If the averments of plaintiffs' complaint are true, plaintiffs' injuries were caused by the independent criminal and/or intentional acts of co-defendants.


WHEREFORE, Defendants demand judgment in his favor dismissing Plaintiffs' Complaint with prejudice and all other relief deemed just and proper.

Respectfully submitted,


_____
JOHN J. McCREESH, IV, Esq.
Attorney for Answering Defendant