**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELO T. DiBARTOLO, ET AL. | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | NO.    02-CV-3813 |
| v. | : | |
| | : | |
| LANCE BACHMAN, ET AL. | : | |
| | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,**
**JENNIFER GALLAGHER**

Answering Defendant, Jennifer Gallagher (hereinafter referred to as "Answering Defendant" and/or "Officer Gallagher") by and through her undersigned counsel, answers Plaintiffs' Complaint and asserts Affirmative Defenses as follows:

**GENERAL ALLEGATIONS**

1.      Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

2.      Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

3.      Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

4.      Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

5.      Admitted in part, denied in part.  It is admitted that Answering Defendant is a police officer for the Philadelphia Police Department and acting under the color of state law.

6.      Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

1

7.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

8.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

9.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

10.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

11.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

16.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

17.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

18.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendant, those allegations are denied.

19.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

20.    Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

21.    Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

22.    Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

## COUNT I

23.    Denied. The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

24.    Denied. The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

25.    Denied. The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

26.    Denied. The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

## COUNT II

27.    Answering Defendant incorporates by reference the foregoing answers as though the same were fully set forth herein.

28.    Denied. The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

29.     Denied. The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

30.     Denied. The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

31.     Denied. The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

## COUNT III

32.     Answering Defendant incorporates by reference the foregoing answers as though the same were fully set forth herein.

33.     Denied. The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

34.     Denied. The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

## COUNT IV

35.     Answering Defendant incorporates by reference the foregoing answers as though the same were fully set forth herein.

36.     Denied. The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

4

37.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

## COUNT V

38.     Answering Defendant incorporates by reference the foregoing answers as though the same were fully set forth herein.

39.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

40.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

41.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

42.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

## COUNT VI

43.     Answering Defendant incorporates by reference the foregoing answers as though the same were fully set forth herein.

44.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required. Denied.

45.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendant, those allegations are denied.

46.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiffs' alleged injuries, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

**COUNT VII**

47.    Answering Defendant incorporates by reference the foregoing answers as though the same were fully set forth herein.

48.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required. Denied.

49.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendant, those allegations are denied.

50.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendant, those allegations are denied.

51.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiffs' alleged injuries, Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

## COUNT VIII

52.     Answering Defendant incorporates by reference the foregoing answers as though the same were fully set forth herein.

53.     Denied.

54.     Denied.

55.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendant, those allegations are denied.

56.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendant, those allegations are denied.

57.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendant, those allegations are denied.

58.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.

59.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiffs' alleged injuries, Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

60.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiffs' alleged injuries, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.


## COUNT IX

61.    Answering Defendant incorporates by reference the foregoing answers as though the same were fully set forth herein.

62.    Admitted.

63.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

64.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

65.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

66.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

67.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiff together with costs, attorney's fees and such other relief as the Court deem appropriate.

## COUNT X

68.  Answering Defendant incorporates by reference the foregoing answers as though the same were fully set forth herein.

69.  Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

70.  Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

71.  Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

72.  Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendant, and therefore no response by Answering Defendant is required herein.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiff together with costs, attorney's fees and such other relief as the Court deem appropriate.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs have failed to state a claim under 42 U.S.C. §1983, et seq. and under any Amendment to the U.S. Constitution for which relief can be granted, as the same relates to Answering Defendant.

2.  Plaintiffs have failed to state a cause of action against Answering Defendant upon which relief may be granted.

3.  Answering Defendant is protected by good faith, qualified and/or absolute immunities against the claims asserted by the plaintiffs.

4.      The claims of the plaintiffs are barred or limited to the extent that Answering Defendant is protected by the defenses, immunities and limitations of damages set forth under the "Political Subdivision Tort Claims Act,"  42 Pa.C.S. Sec. 8541, et seq.

5.      Any arrest, detention or restraint of the plaintiffs was effected lawfully, reasonably and with probable cause.

6.      Answering Defendant asserts every defense available to her under the existing Civil Rights Act.

7.      At all times material hereto, Answering Defendant was acting within the course and scope of her employment as a police officer with the Philadelphia Police Department.

8.      At all times material hereto, Answering Defendant was acting within her official capacity as a police officer with the Philadelphia Police Department.

9.      This Court lacks subject matter jurisdiction over all or some of the plaintiffs' claims.

10.     This Court should abstain from the exercise of jurisdiction over all or some of the plaintiffs' claims.

11.     The plaintiffs' claims are barred, in whole or in part, by applicable statues of limitation.

12.     Answering Defendant is not subject to claims for punitive damages.

13.     Any and all actions by the Answering Defendant was lawful.

14.     Plaintiffs are not entitled to the damages which they seek.

15.     Plaintiffs are in fact guilty of the crimes for which they was charged in the underlying matter.

16.     Plaintiffs' claims are barred by the doctrines of collateral estoppel, res judicata, or other doctrine of issue or claim preclusion.

17.     Plaintiffs' alleged injuries are the result of intervening or superseding causes produced by the acts or omissions of plaintiff and/or a third-party or third-parties, and not Answering Defendant.

10

18.    The injuries of which Plaintiffs complain were caused by their own conduct, their own

contributory conduct, or assumption of the risk.

**KOLANSKY, TUTTLE & ROCCO, P.C.**

By: _____

James A. Rocco, III, Esquire
1429 Walnut Street
Suite 1300
Philadelphia, Pennsylvania 19102
Tel: (215) 963-9517

Attorneys for Defendant
Jennifer Gallagher

Dated: _____

11

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO T. DiBARTOLO, ET AL. | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | NO.    02-CV-3813 |
| v. | : | |
| | : | |
| LANCE BACHMAN, ET AL. | : | |
| | : | |
| Defendants. | : | |
| | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Answer with Affirmative

Defenses of Defendant, Jennifer Gallagher, to Plaintiffs' Complaint has been served upon the following

attorneys by first class mail, on the date and to the places indicated below:


Saul J. Steinberg, Esquire
Sufrin Zucker Steinberg & Wixted, P.C.
Suite 503, Parkade Building
519 Federal Street
Camden, New Jersey 08103

Michael R. Resnick, Esquire
Divisional Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

John J. McCreesh, IV, Esquire
7053 Terminal Square
Upper Darby, PA 19082


**KOLANSKY, TUTTLE & ROCCO, P.C.**



By: _____
James A. Rocco, III, Esquire


Dated: _____