IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO T. DIBARTOLO and<br>STEVEN CASTILLO,<br>**Plaintiffs** | :<br>:<br>:<br>: | CIVIL ACTION |
| v. | :<br>: | |
| LANCE BACHMAN, et al.,<br>**Defendants** | :<br>: | NO. 02-CV-03813 |

### DEFENDANT JENNIFER GALLAGHER'S REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JENNIFER GALLAGHER'S MOTION FOR SUMMARY JUDGEMENT

Defendant Jennifer Gallagher files this brief reply in order to respond to several misstatements of law by Plaintiffs in their brief.

1. **Plaintiffs cite no authority for the proposition that a failure to act by an off-duty police officer falls within the "color of state law" requirement for a § 1983 action.**

Plaintiffs limit the facts on which they rely to support their argument that Gallagher acted under "color of state law" to two: (1) "Gallagher was required to have phoned 911 for assistance and stay on the scene to be a good witness;" and (2) after the altercation, "Gallagher drove the Bachmans to the Eighth District where she is employed." Plaintiffs' brief at 6. At no point, however, did Gallagher "manifest any indicia of police authority or purport to act as an officer," as is required by Hunte v. Darby Borough, 897 F. Supp. 839 (E.D. Pa. 1995) and other cases cited by Gallagher in her initial brief. Plaintiffs claim Hunte is distinguishable because, prior to the officer's engaging in an altercation with the plaintiff, he told the plaintiff to call the police. That

fact was irrelevant to the court's holding, however, which was that because the officer, dressed in plain clothes, unarmed and not showing his badge, "did not manifest any indicia of police authority or purport to act as an officer," his dispute with the plaintiff was purely private. Likewise, in the present case the dispute between the Plaintiffs and the Bachmans was purely private. Gallagher had no dispute with the Plaintiffs, so Plaintiffs cannot contend that it was under color of state law. Rather, what they claim is that Gallagher's failure to call 911 converted their private dispute with the Bachmans to a dispute that both involved Gallagher and that came "under color of state law." This is nonsense. If the off-duty officer in Hunte, who picked a fight with the plaintiff, was not found to have been acting under color of state law, certainly the off-duty Gallagher should not be found otherwise because she stayed out of a fight. Police officers everywhere have an obligation to be good citizens and keep the peace whether on-duty or not, but this general responsibility is no substitute for the specific requirement, discussed at length in Gallagher's initial brief at 6-9, that an officer manifest "indicia of police authority or purport to act as an officer" before a § 1983 action may be brought. Plaintiffs point to no such indicia here.

### 2.     Gallagher's alleged failure to act does not implicate the "state-created danger" doctrine

Plaintiffs implicitly acknowledge, in their recitation of facts on pages 2-4, that Defendant Gallagher had nothing to do with the altercation either inside or outside the bar during which they claim to have been injured. They are therefore reduced to arguing, in order to get around the general requirement that § 1983 applies only to actions by police officers, that Gallagher had a duty to act and that her inaction somehow makes her liable to them. See Plaintiffs Memorandum

1

at 7-10. While it is true, as Gallagher noted in her initial brief, that she was found to have violated an internal police guideline that called for her "to be a good witness and call 9-1-1," this finding in no way means that by not taking such action Gallagher can be held, as a matter of law, to have thereby violated the Plaintiffs' civil rights.

Plaintiffs are confusing internal police guidelines with controlling Third Circuit case law. Under the cases Gallagher cites at pages 7-9 of her initial brief, an off duty police officer can only be found to be acting under color of state law when they purport to exercise official authority. As indicated in Gallagher's initial brief, such manifestations of authority include such actions as flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute involving others pursuant to a duty imposed by police department regulations. An alleged failure to take some action, by contrast, is a civil rights violation only when it falls within the very narrow "state- created danger" doctrine.

Plaintiffs struggle to argue, at pages 8-9 of their brief, that the four factors a plaintiff must establish before the state-created danger exception will be applied, as identified in Gonzalez v. Angelilli, 40 F. Supp. 2d 619 (E.D. Pa 1999), are present in this case. Gallagher has refuted their arguments in her initial brief, at 9-10, but has some points to add in response to Plaintiffs' specific citations.

First, Plaintiffs claim that the harm they suffered "was forseeable and fairly direct" because "Gallagher was aware that an altercation had occurred in the bar" and that once "the Bachmans left the Bar, armed with beer bottles, the forseeability of harm was direct and predictable." Plaintiffs do not direct the Court, however, to any evidence from the record that when the Bachmans left the bar, they were "armed with beer bottles" or anything else. Under the

2

requirement of the cases like <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317 (1986) that Gallagher cites on page 6 of her initial brief, Plaintiffs may not merely make up facts to avoid the entry of summary judgment; they must respond with specific contrary facts of record. They have not done so in this case.

In addition, to support their claim that Gallagher "acted in willful disregard for" their safety, Plaintiffs blithely assert that her "inactions and her failure to call 911 and her actions or inactions in permitting the Bachmans to be armed with beer bottles, constitute the willful disregard of the safety of the plaintiffs." Such conclusory allegations will not do here. As noted above, Plaintiffs point to no evidence that the Bachmans were ever "armed with beer bottles," but even were that the case, it is quite a stretch to conclude either that Gallagher "permitted" that to happen, let alone that she did so specifically and intentionally in order to compromise their safety. Similarly, there is no evidence to connect her failure to call 911 with any "willful" desire that they be hurt. Plaintiffs have not established that Gallagher was angry with them, disliked them, or harbored any malice toward them. In fact, there is no basis to conclude that she even knew them before the fight occurred. Accordingly, the Court should not find that the Plaintiffs have established she "willfully disregarded" their safety.

Finally, in support of Plaintiffs' argument that a "special relationship" existed between Gallagher and them – even though she didn't know them – and that Gallagher created an opportunity for them to be injured, Plaintiffs cite to <u>Kneipp v. Tedder</u>, 95 F. 3d 1199, 1209 (3d Cir. 1996). In <u>Kneipp, on-duty</u> police officers were denied a summary judgment on a claim that they violated the civil rights of a plaintiff whom they stopped while walking down the street and observed to be intoxicated. The pedestrian was with a companion whom they allowed to

3

proceed, but the officers detained the plaintiff before eventually dismissing her to walk home alone in freezing temperatures, after which she fell down an embankment and was injured. The court concluded that one of the officers, "exercising his powers as a police officer, placed [plaintiff] in danger of forseeable injury when he sent her home unescorted in a visibly intoxicated state in cold weather." Here, by contrast, Gallagher took no affirmative act to put the Plaintiffs in a similar state. Her alleged failure to call 911 or to prevent the Bachmans from carrying beer bottles was a failure shared by everyone else at the bar that night. Unlike the officers in <u>Kneipp</u>, who separated their pedestrian from the protection of her companion, observing she was incapacitated but nonetheless left her to fend for herself, Gallagher took no steps to separate the Plaintiffs from others who could protect them, or observe that, because they were intoxicated or for any other reason, they could not defend themselves. <u>Kneipp</u>, therefore, does not support the Plaintiffs' argument, and in fact, because its factual predicate is so far removed from the present case, is more helpful to Gallagher's position.

    Plaintiffs apparently misunderstand the purpose of the state-created danger doctrine, which is to create an exception to the rule in <u>DeShaney v. Winnebago County department of Social Services</u>, 489 U.S. 189, 197 (1989) that "[a] s a general matter... a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Plaintiffs want the court to apply the narrow state-created danger doctrin to the rule expressed in <u>DeShaney</u> that can arise only when the state has placed the plaintiff in a position of danger to begin with, and then extend it to a place where no court has to date, namely to cases where the state had not placed the plaintiff in a position of danger, but rather has merely not acted to prevent the person from putting him or herself in danger.

This Court should decline the invitation to stand existing law on its head, particularly since Gallagher was not on duty at the time of the alleged incident. To hold that <u>off-duty</u> police officers should foresee and presume that bar fights that are broken up and other similar frequently occurring scenarios will resume later in another location, and should take upon themselves the responsibility for resolving all disputes they encounter would have the effect of creating a system where police officers are never off duty, and where citizens would be subjected to arrest and detention by individuals who claim, but lack no indicia of, the authority to do so. Public policy strongly favors police to wield their power in public, not in private, and that is why civil rights cases are uniformly limited to situations involving the exercise of either actual authority, by on-duty officers, or apparent authority, by off-duty officers manifesting some evidence of official power. This public policy requires the Plaintiffs' § 1983 claim to be dismissed.

### 2. Since probable cause existed to arrest Dibartolo, Plaintiffs' malicious prosecution claim fails as a matter of law.

Plaintiffs concede that Detective Rovnan had probable cause to institute proceedings against DiBartolo. Specifically, plaintiffs stated that they "do not submit that Detective Rovnan did not have probable cause to institute proceedings against DiBartolo." <u>See</u> plaintiffs memorandum at 12. Probable cause in the context of the tort of malicious prosecution does not require proof beyond a reasonable doubt, but rather is defined as "a reasonable ground of suspicion supported by the circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that a party is guilty of the offense. <u>See</u> <u>Cosmas v. Bloomingdales Bros., Inc.</u>, 442 Pa. Super. 476, 481, 660 A.2d 83, 85 (1995). A showing of probable cause to

institute proceedings against a plaintiff establishes an absolute defense against an action for malicious prosecution. Bruch v. Clark, 352 Pa. Super. 225, 228-29, 507 A. 2d 854, 856 (1986).

Plaintiffs assert that even though he had probable cause to make an arrest, Detective Rovnan's investigation of this incident was clouded by the "distortions, misstatements and outright lies" by Jennifer Gallagher during the interview she submitted to. The evidence of record, however, shows that Detective Rovnan performed an independent investigation, devoid of any influence of Jennifer Gallagher. In fact, Detective Rovnan even stated to the investigator from internal affairs that he did not believe Officer Gallagher's and the Bachman brothers' version of the incident. The report, attached to Gallagher's Motion as Exhibit "I", clearly states:

> Detective Joseph Rovnan . . . conducted an investigation regarding an assault/fight, which occurrred on 6-8-00 at Wade's Irish Pub, 2711 Comly Road. Detective Rovnan said that he interviewed off-duty Officer Jennifer Gallagher, Lance and Adam Bachmann and also Angelo DiBartolo, Steven Castillo and Roger Scheuer in regard to this incident. Detective Rovnan states that after conducting the interviews and considering the evidence he felt that both parties were at fault to some degree. However, Detective Rovnan stated that based on the large amount of blood that Adam Bachmann had on his clothing and the fact that he had no injuries; he felt th[at] Adam was more involved in his incident than he was admitting to.
>
> Detective Rovnan stated that he did not believe Officer Gallagher and Lance Bachman's version of the incident, based on all the information including physical evidence, the fact that no knife was recovered, the nature of the injuries and statements he had, <u>he believed that DiBartolo, Castillo and Scheuer's version of the incident was more believable.</u>

Exhibit "I" at 8. Rovnan made his decision to arrest DiBartolo based on independent factors, such as his observation of cutting-type injuries on Lance Bachman, that led him to conclude "both parties were at fault to some degree." Rovnan determined he was presented with a "typical bar fight," and instituted appropriate charges against both Adam Bachman and DiBartolo. The

6

circumstances were such that an ordinary prudent man in the same situation would likewise have believed that both Adam Bachman and DiBartolo were guilty of the offenses. See Cosmas, supra. Therefore, Plaintiffs' malicious prosecution claim fails as a matter of law.

### 3. **Plaintiffs false arrest/imprisonment claim fails as a matter of law**.

As stated above, Plaintiffs incorrectly assert that Gallagher had any control over and/or influence in Detective Rovnan's independent decision to charge both Adam Bachman and DiBartolo with assault regarding the incident at Wade's Pub. The only role, if any, that Gallagher had in this case was to submit to an interview by Detective Rovnan. Plaintiffs imply that Gallagher was on a mission to pursue criminal charges against DiBartolo. The evidence of record fails to support Plaintiffs' theory.

Again, Plaintiffs' claim that Gallagher's statement caused the arrest of DiBartolo is flawed. As evidenced by the internal affairs report quoted above, Detective Rovnan made it clear that Gallagher played no role in the arrest of Adam Bachman and DiBartolo, and that he decided to arrest DiBartolo in spite of, rather than because of, her statement. Obviously, DiBartolo feels that the charges against him were unjustified. However, under existing case law, that is not a sufficient reason to render a false arrest/imprisonment claim viable. See Strickland v. University of Scranton, 700 A.2d 979, 984(Pa. Super. 1997), citing LaFrankie v. Miklich, 152 Pa. Commw. 163, 168, 618 A.2d 1445 (1992). ( The Court held that an action for false arrest requires that the process used for the arrest was void on its face or that the issuing tribunal was without jurisdiction; it is not sufficient that the charges were unjustified.)

## CONCLUSION

As indicated in Gallagher's motion for summary judgment, it is well-settled that after the moving party establishes the absence of a material fact dispute, the non-moving party must respond with contradictory facts of record, and not mere denials. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>First National Bank v. Lincoln National Life Insurance Co.</u>, 824 F. 2d 277, 282 ($3^d$ Cir. 1987). These facts of record must result in a "showing sufficient to establish the existence of [every] element essential to that party's case." <u>Celotex</u>, <u>id</u>, 477 U.S. at 322-24. As the Third Circuit stated in <u>Williams v. Borough of West Chester</u>, 891 F. 2d 458, 460 ($3^d$ Cir. 1989), "a nonmoving party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings." (citations omitted).

It appears that the only reason that Jennifer Gallagher was brought into this lawsuit is that she happens to be employed by the Philadelphia Police Department. In Plaintiffs' memorandum, they state "it is not as if she [Gallagher] is a civilian off the street." Plaintiffs' memorandum at 10. Plaintiffs are absolutely incorrect. The uncontradicted facts of record establish that under controlling case law, Gallagher's capacity as an off duty police officer, coupled with no official action on her part, rendered her the equivalent to a regular civilian.

Plaintiffs' memorandum merely reasserts factually unsupported allegations contained in their pleadings. Plaintiffs fail to submit any contrary facts. Therefore, no genuine issue of material fact exists and Gallagher's motion for summary judgment should be granted. Plaintiffs' claims against Jennifer Gallagher should be dismissed with prejudice.

Respectfully submitted,

Dated: April 25, 2003

*Timothy L. Strange*
Timothy L. Strange
Monteverde McAlee & Hurd
1617 John F. Kennedy Blvd.
Suite 1500
Philadelphia, PA 19103
(215) 557-2900

G:\Wp\Docs\10,117-001\galreplytls.wpd

## CERTIFICATE OF SERVICE

I, Timothy L. Strange, hereby state that on April 25, 2003. I hereby served a copy of the foregoing Reply to Plaintiffs' Memorandum of Law in opposition to Defendant Jennifer Gallagher's Motion for Summary Judgment by first-class mail upon counsel for all parties addressed as follows:

Saul J. Steinberg, Esquire
Parkade Building, Suite 503
519 Federal St
Camden, NJ 08103

Phillip A. Ryan
German, Gallagher, & Murtaugh
200 South Broad St., 5th floor
Philadelphia, PA 19102

Lynne A. Sitarski
City of Philadelphia Law Department
Deputy City Solicitor
1515 Arch St., 14th fl
Philadelphia, PA 19102

John J. McCreesh, IV
7053 Terminal Square
Upper Darby, PA 19082