IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELO DIBARTOLO, et al. : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | CIVIL ACTION |
| : | NO. 02-CV-3813 |
| ADAM BACHMAN, et al. : | |
| : | |
| Defendants. : | |

**ANSWER OF DEFENDANT, ADAM BACHMAN, TO
PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

1. Admitted.

2. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments contained in paragraph 2 of plaintiff's Complaint and same are accordingly denied and strict proof thereof is demanded at trial, if relevant.

3. Admitted upon information and belief.

4. Denied. On the contrary, the defendant, Adam Bachman's, last known address is 1434 12th Street, Apt. 4, Santa Monica, CA 90405.

5. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

6. Denied. Answering defendants are without knowledge or information

sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

7. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

8. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

9. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

10. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

11. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

12. Admitted.

13. Admitted.

14. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

15. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

16. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

17. Denied. It is specifically denied that the answering defendant, Adam Bachman, was involved in any altercation with the plaintiff, DiBartolo. With regard to the remaining averments, after reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

18. Denied. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

19. Denied. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

20. Denied. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

21. Denied. After reasonable investigation answering defendants are without

knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

22. Denied. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

## COUNT I

22. The defendant, Adam Bachman, hereby incorporates by reference paragraph 1 through 21 of this Answer to the Complaint with Affirmative Defenses as though same were fully set forth herein.

23-26. Denied. The allegations contained in these paragraphs are directed to a defendant other than the answering defendant and accordingly, no further response is required.

WHEREFORE, the answering defendant, Adam Bachman, denies that the plaintiffs are entitled to judgment in any manner and/or in any amount.

## COUNT II

27. The defendant, Adam Bachman, hereby incorporates by reference paragraph 1 through 26 of this Answer to the Complaint with Affirmative Defenses as though same were fully set forth herein.

28-31. Denied. The allegations contained in these paragraphs are directed to a defendant other than the answering defendant and accordingly, no further response is required.

WHEREFORE, the answering defendant, Adam Bachman, denies that the plaintiffs are entitled to judgment in any manner and/or in any amount.

### COUNT III

32. The defendant, Adam Bachman, hereby incorporates by reference paragraph 1 through 31 of this Answer to the Complaint with Affirmative Defenses as though same were fully set forth herein.

33-34. Denied. The allegations contained in these paragraphs are directed to a defendant other than the answering defendant and accordingly, no further response is required.

WHEREFORE, the answering defendant, Adam Bachman, denies that the plaintiffs are entitled to judgment in any manner and/or in any amount.

### COUNT IV

35. The defendant, Adam Bachman, hereby incorporates by reference paragraph 1 through 34 of this Answer to the Complaint with Affirmative Defenses as though same were fully set forth herein.

36. Denied.

37. Denied. After reasonable investigation answering defendant is without knowledge or information

39. Denied.

40. Denied.

41. Denied.

42. Denied. After reasonable investigation answering defendant is without

knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if relevant.

WHEREFORE, answering defendant, Adam Bachman, denies that the plaintiff is entitled to judgment in any manner and/or in any amount.

## COUNT VI

43. The defendant, Adam Bachman, hereby incorporates by reference paragraph 1 through 42 of this Answer to the Complaint with Affirmative Defenses as though same were fully set forth herein.

44-46. Denied. The allegations contained in these paragraphs are directed to a defendant other than the answering defendant and accordingly no further response is required.

WHEREFORE, answering defendant, Adam Bachman, denies that the plaintiff is entitled to judgment in any manner and/or in any amount.

## COUNT VII

47. The defendant, Adam Bachman, hereby incorporates by reference paragraph 1 through 46 of this Answer to the Complaint with Affirmative Defenses as though same were fully set forth herein.

48-51. Denied. The allegations contained in these paragraphs are directed to a defendant other than the answering defendant and accordingly no further response is required.

WHEREFORE, answering defendant, Adam Bachman, denies that the plaintiff is entitled to judgment in any manner and/or in any amount.

## COUNT VIII

52. The defendant, Adam Bachman, hereby incorporates by reference paragraph 1 through 51 of this Answer to the Complaint with Affirmative Defenses as though same were fully set forth herein.

53. Denied. It is admitted that Adam Bachman, provided information to the police department in connection with their investigation concerning the subject incident. The remaining allegations in paragraph 53 are denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding injuries or damages allegedly sustained by plaintiff. It is specifically denied that the answering defendant, Adam Bachman, committed any wrongful act or omission that caused and/or contributed to any loss or injuries allegedly sustained by the plaintiff.

WHEREFORE, answering defendant, Adam Bachman, denies that the plaintiff is entitled to judgment in any manner and/or in any amount.

## COUNT IX

61. The defendant, Adam Bachman, hereby incorporates by reference paragraph 1 through 60 of this Answer to the Complaint with Affirmative Defenses as though same were fully set forth herein.

62-67. The allegations contained in these paragraphs are directed to a defendant other than the answering defendant. Therefore, no further response is required.

WHEREFORE, answering defendant, Adam Bachman, denies that the plaintiff is entitled to judgment in any manner and/or in any amount.

## COUNT X

68. The defendant, Adam Bachman, hereby incorporates by reference paragraph 1 through 67 of this Answer to the Complaint with Affirmative Defenses as though same were fully set forth herein.

69-72. The allegations contained in these paragraphs are directed to a defendant other than the answering defendant. Therefore, no further response is required.

WHEREFORE, answering defendant, Adam Bachman, denies that the plaintiff is entitled to judgment in any manner and/or in any amount.

## AFFIRMATIVE DEFENSES

1. The plaintiffs' claims are barred in whole or in part by the applicable provisions of the Pennsylvania Comparative Negligence Act, whose terms and provisions are fully incorporated herein.

2. The plaintiffs' Complaint does state a cause of action against answering defendant, Adam Bachman, upon which relief can be granted.

3. The plaintiffs assumed the risk of any injuries allegedly sustained by them in connection with the subject incident by their own actions on the date, time and place averred in plaintiff's Complaint and it is this assumption of risk which caused and/or contributed to plaintiffs' alleged damages.

4. The plaintiffs damages were caused in whole or in part by parties other than the answering defendant, Adam Bachman.

5. Plaintiff's claims are barred by the applicable statute of limitations.

6. The plaintiffs' Complaint fails to state a cause of action against the answering defendant upon which relief can be granted.

WHEREFORE, the answering defendant, Adam Bachman, requests that the plaintiffs' Complaint be dismissed and that judgment be entered in favor of the answering defendant, Adam Bachman, and against plaintiffs.

SWARTZ CAMPBELL LLC

By: _____
James C. Haggerty, Esquire
James D. Cella, Esquire
Attorneys for Defendant,
Adam Bachman

Identification Nos.: 30003; 64907
1601 Market Street, 34th Floor
Philadelphia, PA 19103
(215) 564-5190

## **CERTIFICATE OF SERVICE**

I hereby certify that I am this day serving the foregoing document upon all counsel of record in the manner indicated below which service satisfies the requirements of Pa. R.C.P. 440:

<u>Service by First Class Mail, Postage Prepaid, addressed as follows</u>:

>Saul Steinberg, Esquire
>Suite 503, Parkade Building
>519 Federal Street
>Camden, NJ 08103
>
>Philip Ryan, Esquire
>German, Gallagher & Murtagh
>200 South Broad Street, Suite 500
>Philadelphia, PA 19102
>
>Timothy Strange, Esquire
>Monteverde McAlee & Hurd
>One Penn Center at Suburban Station
>1617 John F. Kennedy Boulevard
>Philadelphia, PA 19103-1815
>
>Carmela DeFino, Esquire
>Peter Bowers, P.C.
>The Miller Building, Suite 201
>441 North 5th Street
>Philadelphia, PA 19123
>
>Michael Resnick, Esquire
>Division Deputy City Solicitor
>1515 Arch Street, 14th Floor
>Philadelphia, PA 19102
>
>John McCreesh, IV, Esquire
>7053 Terminal Square
>Upper Darby, PA 19082

>>SWARTZ CAMPBELL LLC
>>
>>BY:_____
>>James D. Cella, Esquire
>>Attorneys for Defendant,
>>Adam Bachman

Dated: October 10, 2003

Case 2:02-cv-03813-JG   Document 32   Filed 10/10/2003   Page 11 of 11