IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO T. DIBARTOLO and | : | CIVIL ACTION |
| STEVEN CASTILLO, | : | |
| | : | |
| vs. | : | |
| | : | |
| LANCE BACHMAN, ET AL., | : | NO. 02-3813 |

## PLAINTIFFS' PRETRIAL MEMORANDUM

### STIPULATED FACTS

1. The incident in question occurred on June 8, 2000.

2. Angelo DiBartolo ("DiBartolo") and Steven Castillo ("Castillo") were patrons at Wade's Irish Pub located in Philadelphia, PA., having left from attending a Phillies game.

3. DiBartolo and Castillo were accompanied by a friend, Roger Scheuer, who lived in the vicinity of Wade's Irish Pub.

4. Lance Bachman and Adam Bachman were at Wade's Irish Pub at the time that DiBartolo and Castillo were located therein.

5. An altercation ensued in the bar involving among other people, DiBartolo, Castillo and the Bachman defendants.

6. As a result of the altercation in the bar, DiBartolo and Castillo were ejected from the bar via the rear exit.

7. DiBartolo and Castillo went around to the front of the bar to look for their companion, Roger Scheuer.

8. DiBartolo and Castillo again encountered the Bachman Defendants.

9. DiBartolo and Castillo both were injured when struck with beer bottles.

10. DiBartolo sustained injuries including, but not limited to, the following: Stabbed in his face, punched, kicked, bruised, heavy loss of blood, sutured, infected in wound, sore, experienced severe pain, swelling, a permanent engraving in his jaw bone from blunt force of stabbing; severe decreased range of motion in jaw and mouth; plastic surgery; oral surgery; surgery to C3-C4; scarring; skin discoloration; pain and tenderness in scarring; beard does not grow in scar area; flare-ups in scar on right cheek with rash and itchiness; burning sensation; drainage tube attached to DiBartolo's face to drain infection in stabbing wound; emotional trauma; sleep disturbances; nightmares; depression; isolation; ended long-term relationship abruptly; loss of self-employment unable to cope with job duties; self-conscious of scarring; consistent reminder of attack; shame; embarrassment; humiliation; hyper-vigilant in self-protection; afraid in crowded places; extreme distress; anxiety and fear over losing teaching career; permanent scarring as result of back surgery which was a plate and fusion at C3-C4 as the result of the blunt trauma to a pre-existing rugby injury; DiBartolo was feeling fine at the time of this attack. However, after the attack, DiBartolo was in such severe pain that the plate and fusion surgery was mandated.

11. Castillo sustained injuries including, but not limited to, the following: Bruises, cuts, scrapes, infection and swelling to the left eye and surrounding area, face; the right ear was severed and stitched with resultant permanent scarring; eyebrow was stitched with resultant permanent scarring; pain in hands, neck and head from beatings and trauma; eye glasses were broken; permanent discoloration of skin over left cheek bone and forehead; diminished hearing in left ear; consistent itching and burning at scar area of left ear; consistent migraine headaches for one week due to brain swelling; memory loss; black out periods after this beating; sleep

disturbances; favors right ear when sleeping; hides right ear with hand when talking with new people; strained neck, shoulders, upper body, severe pain, bruising and swelling to back of head; soreness; severe emotional issues as a direct result of this incident; mood swings, isolation; fearful to go to Philadelphia; reluctant to go outside; reluctant to go with a group of people; feels unsafe; self-conscious of scarring; insecure; depressions; embarrassment; shame; lies about cause of scarring; great shame he was on the news; intimacy issues affected with girlfriend; startles easily; anger towards defendants for attacking him; afraid of police; feels traumatized by police and being arrested.

12. At all times relevant herein, DiBartolo was and is a teacher employed by Cape May Technical High School in Cape May Court House, NJ, as a Social Studies Teacher and Soccer Coach. DiBartolo also had been a business owner and cook of the Northend Beach Grill in the Cape May/shore area.

13. At all times relevant herein, Castillo was employed by Trump Marina Hotel and Casino in Atlantic City, NJ as an Entertainment Technician setting up and dismantling shows.

14. Neither DiBartolo nor Castillo has ever been convicted of any crime.

### NONSTIPULATED FACTUAL CONTENTIONS OF PLAINTIFFS

DiBartolo and Castillo contend that they were the innocent victims of two unprovoked assaults initiated by a group of males including the two Bachman brothers. The first occurred while all were in the Irish Pub. The second occurred after DiBartolo and Castillo were ejected.

The majority of the injuries sustained by DiBartolo and Castillo occurred during the second altercation. DiBartolo and Castillo again contend that the Bachman brothers were instrumental in this attack. However, to the extent that the Bachmans misunderstood the intentions of DiBartolo and

Castillo, or mistook DiBartolo and Castillo for other persons, the injuries may be found to have been the unintended results of otherwise intentional acts. DiBartolo and Castillo therefore contend that it is arguable that the Bachmans negligently inflicted injury upon DiBartolo and Castillo. DiBartolo and Castillo's claims are therefore in the alternative. They are entitled to recovery either as a result of an intentional assault, or because of the negligent conduct of the Bachmans.

DiBartolo and Castillo further contend that there is liability on the part of Wade's Irish Pub. In the first instance, there was inadequate security inside the Pub. Nor did any person employed by the Pub intervene in the initial altercation.

The Bar proprietor is further liable to DiBartolo and Castillo in that the they were ejected and simply left to their own devices. At the same time, the Bachmans, among others, were permitted to leave the Bar and thereby the Bar employees facilitated the second alteration which occurred outside of the Pub. Moreover, the Bachmans left the bar armed with beer bottles. The employees of the Pub, at the very least, should have been aware of the potentially dangerous situation which occurred as a result of the circumstances above described.

The Pub employees did not call the police or take any measure whatsoever to lessen the probability that DiBartolo and Castillo would be harmed once outside of the bar. The Bar, through its employees, was therefore negligent in failing to take reasonable measures for the protection of its patrons.

**PARTIES NO LONGER IN THE CASE**

The following parties have been dismissed either by motion or by settlement:

Adam Bachman - Settled.

City of Philadelphia - Out on Summary Judgment.

      Jennifer Gallagher - Out on Summary Judgment.

The remaining defendants are Lance Bachman and 2711 D&P t/a Wade's Irish Pub.

## LEGAL ISSUES

1. If the actions of the Bachmans was intentional, but in response to a threat either or both mistakenly perceived, is their (his) conduct negligent or intentional?

2. With respect to Wade's Irish Pub, DiBartolo and Castillo anticipate that the defendant will argue that once the combatants were separated and made to leave by separate exits, the Bar had satisfied any obligation to which it my have been legally subject.  DiBartolo and Castillo contend that liability may be imposed where the Pub employees, from the attendant circumstances, knew or should have known, that there was a substantial likelihood that DiBartolo and Castillo would encounter a dangerous situation after leaving the bar.

                                                  SUFRIN ZUCKER STEINBERG
                                                  SONSTEIN & WIXTED, PC

                                  BY:_____
                                     SAUL J. STEINBERG
                                     Attorneys for Plaintiff(s)
                                     Id No.: 53971
                                     Suite 503, Parkade Building
                                     519 Federal Street
                                     Camden, NJ 08103

Dated: December 16, 2003

CERTIFICATE OF SERVICE

    I, Saul J. Steinberg, Esq., hereby certify that a true and correct copy of plaintiffs' Pre-Trial Memoranda was served upon the following via facsimile.

Philip A. Ryan, Esq.
German, Gallagher & Murtagh
200 S. Broad Street, 5th Floor
Philadelphia, PA 19102
FAX: (215) 732-4162
Attorney for Defendant, Lance Bachman

John J. McCreesh, IV, Esq.
McCreesh McCreesh McCreesh & Cannon
7053 Terminal Square
Upper Darby, PA 19082
FAX (610) 734-2160
Attorney for Defendant, 2711 D&P, Inc., t/a Wade's Irish Pub

James D. Cella, Esq.
Swartz Campbell
1601 Market Street, Floor 34
Philadelphia, PA 19103-2316
FAX (215) 299-4301
Attorney for Defendant, Adam Bachman

 

_____
SAUL J. STEINBERG
Attorney for Plaintiffs

Dated: December 16, 2003